IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL RICE, et al.,<br><br>　　Plaintiffs,<br><br>　v.<br><br>MCKESSON CORPORATION, et al.,<br><br>　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 12-05949 WHA<br><br>**ORDER GRANTING MOTION TO REMAND AND VACATING HEARING** |

### INTRODUCTION

In this pharmaceutical product liability action, plaintiffs move to remand the action back to state court. For the reasons stated below, the motion is **GRANTED**.

### STATEMENT

This action is one of many currently pending in California state and federal courts regarding alleged harms to consumers from pharmaceutical products containing propoxyphene. The instant action was originally filed in California state court on November 15, 2011. Defendants removed on the basis of diversity jurisdiction, arguing that the non-diverse plaintiffs and defendants were fraudulently joined. Subsequently, the case was transferred by the Judicial Panel on Multi-District Litigation to MDL No. 2226 pending in the Eastern District of Kentucky. Judge Danny Reeves then remanded this action (among others) back to California Superior Court.

On October 23, 2012, plaintiffs filed a motion with the California Judicial Counsel to coordinate this action with numerous related actions co-pending in California state court. Plaintiffs' coordination petition memorandum stated that "[o]ne judge hearing all of the actions *for all purposes* in a selected site or sites will promote the ends of justice," and that "[f]ailure to coordinate these actions will result in the disadvantages of duplicate and inconsistent rulings, orders or judgments" (Dkt. No. 66-1 at 8, 10 (emphasis added)).

Defendants subsequently removed the action a second time. Plaintiffs now move to remand. Defendants oppose, arguing that the petition to coordinate "for all purposes" rendered removal proper under the Class Action Fairness Act ("CAFA"). Defendants also contend (again) in a footnote that removal was proper on the basis of diversity jurisdiction because certain plaintiffs and/or defendants were fraudulently joined.

**ANALYSIS**

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). If the case stated by the initial pleading was not removable, a defendant may remove within 30 days of receipt of an amended pleading, motion, order, or other paper that renders the action removable. 28 U.S.C. 1446(b)(2).

Under CAFA, removal is proper in "mass action" suits so long as the following requirements are met: (1) the amount in controversy exceeds five million dollars; (2) there is minimal diversity, where at least one plaintiff is diverse from one defendant; (3) the monetary relief claims of 100 or more plaintiffs are proposed to be tried jointly on the grounds that the plaintiffs' claims involve common questions of law or fact; and, (4) at least one plaintiff's claim exceeds $75,000. 28 U.S.C. 1332(d); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

"[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564,

566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *Id.* at 566–67.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. 1332(a). When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). A non-diverse party named in a complaint can be disregarded for purposes of determining whether diversity jurisdiction exists if a district court determines that the party's inclusion in the action is a "sham" or "fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

**1.   REMOVAL UNDER CAFA WAS IMPROPER.**

Defendants contend that the instant action is a "mass action" under CAFA because the monetary claims of 100 or more persons are proposed to be tried jointly. This order disagrees. To begin with, the number of plaintiffs in this action falls far short of 100 persons. Plaintiffs' petition for coordination before the California Judicial Counsel identifies seven actions including 141 individual plaintiffs and, according to defendants, plaintiffs' counsel have represented in an email that they wish to include more than a 1000 plaintiffs' claims in their request for coordination. Plaintiffs' petition for coordination, however, is bereft of any *explicit* proposal that the claims of these plaintiffs be *tried* jointly.

Defendants attach great weight to the word "proposed" in the statute. They contend that plaintiffs have *implicitly* proposed a removable mass action in their coordination petition by using the ambiguous language "for all purposes" and by raising the possibility of "inconsistent judgments." This contention is unpersuasive. Our court of appeals has explained that the "mass action" provisions of CAFA are narrowly drawn and Congress did not intend to "allow courts to override the considered legislative limitations in the 'mass action' concept." *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953–954 (9th Cir. 2009). CAFA also expressly exempts claims "consolidated or coordinated solely for pretrial proceedings" from the definition of "mass actions." *Id.* at 954 (citing 28 U.S.C. 1332(d)(11)(B)(ii)(IV)). For their part, plaintiffs insist that

3

they filed the motion for coordination *solely for pretrial purposes*.  Construing plaintiffs' petition for coordination as the functional equivalent of an express request for a joint trial would conflict with both the guidance proved by our court of appeals in *Tanoh*, as well as with the general canon of strict construction of removal statues.

Defendants' reliance on the Seventh Circuit's reasoning in *In re Abbot Labs., Inc.*, 698 F.3d 568 (7th Cir. 2012), is misplaced.  Courts in this district are bound by the authority of our own court of appeals.  *Abbot Labs* is also distinguishable on its facts.  In *Abbot Labs*, the plaintiffs' memorandum requesting consolidation specifically stated they were requesting consolidation "through trial" and "not solely for pretrial proceedings." *Id.* at 571.  In this action, the plaintiffs' petition for coordination contains no such language.

In short, defendants' removal petition was, at best, premature.  Plaintiffs will be held to their representation that they do not and will not seek a joint trial and the action shall be **REMANDED** to state court.  "Plaintiffs' separate state court actions may, of course, become removable at [some] later point if plaintiffs seek to join the claims for trial." *Tanoh*, 561 F.3d at 956.  If, following remand, the coordinating judge and/or plaintiffs propose a joint trial and the action meets CAFA's other statutory requirements, then defendants may remove the action once again to this district court.

### 2. DEFENDANTS FAIL TO ESTABLISH MISJOINDER.

In a footnote in their opposition, defendants assert that diversity jurisdiction is proper because certain plaintiffs and defendants are fraudulently joined.  Defendants do not brief their contention that diversity jurisdiction is proper.  Instead, they attempt to incorporate by reference arguments from prior submissions.  Defendants admit that their misjoinder contentions were rejected by Judge Reeves in the Eastern District of Kentucky the first time they removed this action.  *See In re Darvocet, Darvon and Propoxyphene Prod. Liab. Lit.*, No. 2:12-cv-00135-DCR, Dkt. No. 33 (E.D. Ky. Aug. 7, 2012); *Freitas v. McKesson Corp.*, No. 2:12-50-DCR, Dkt. No. 86 (E.D. Ky. July 17, 2012).  Defendants also admit that they raise these points by footnote solely to avoid waiver.

4

Defendants do not challenge Judge Reeves' holdings or reasoning. Nor do they explain why they should not be estopped from asserting diversity jurisdiction a second time. Given that defendants have failed to brief their contentions, the undersigned sees no reason to question Judge Reeves' holdings and attempt to manufacture a basis for federal jurisdiction that that defendants themselves fail to articulate.

### CONCLUSION

For the reasons mentioned above, the motion to remand is **GRANTED**. The Clerk shall **FORWARD THE FILE** to the Superior Court of California, County of San Francisco. The January 10 hearing is **VACATED**. Plaintiffs' request for costs and attorney's fees associated with seeking remand is **DENIED**. All other pending motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Dated: January 7, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE